UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| This Document Relates to: | **REPORT AND RECOMMENDATION** |
| *Verlean Toles, et al., v. Bayer Corp., et al.* (Plaintiff George Slate only) | Case No. 03-1174 |

Matthew Munson, Esq. on behalf of Plaintiff George Slate

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff George Slate [Doc. No. 160]. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

I.     INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Rule 37(B)(2)(C) and 37(d) of the Federal Rules of Civil Procedure for the failure of Plaintiff's representative to appear for his duly noted deposition on September 8, 2006 in Sacramento, California. Section I.A.2 of PTO 149 provides, in relevant part:

  d.   Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

  e.   If a party or its counsel does not intend to appear for a deposition, counsel for that

>party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On July 31, 2006, fully consistent with PTO 149, Defendant Bayer served a Notice of Deposition of Plaintiff George Slate upon Plaintiff's counsel of record to be taken on September 8, 2006 in the offices of DLA Piper Rudnick Gray Cary US LLP in Sacramento, California. About 19 hours before the scheduled deposition, Plaintiff's counsel, Matt Munson, emailed to Bayer that a representative for the estate of George Slade, who passed away on or about June 10, 2006, might appear but probably would not appear at the scheduled deposition. Shortly thereafter, Mr. Munson sent Bayer a second email confirming that a representative of the estate would not be present but confirming that Plaintiff's counsel wished to make a record to that effect.

On September 8, 2006, the deposition proceeded as noticed. Plaintiff's representative failed to appear and the parties created a record documenting the non-appearance. Fees for the court reporter's services totaled $494.00.

## II.    DISCUSSION

Defendant Bayer argues that Plaintiff's representative has willfully violated PTO 149 which established mandatory procedures for case-specific discovery and that Bayer is prejudiced by Plaintiff's representative's failure to appear for his or her deposition. In order to adequately defend against his claim, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol, the nature, extent and potential causes of Plaintiff's alleged injuries and the extent of Plaintiff's alleged damages. Moreover, Bayer argues that Plaintiff's estate's actions in failing to provide a representative for the deposition demonstrates its lack of interest in this

case and its abandonment of this claim and, accordingly seeks dismissal of the action. With respect to the court reporter's fees which were necessitated by the fact that this deposition was never cancelled or rescheduled, Bayer argues that such fees are comparable to fees charged to transcribe other non-appearances in the State of California. Accordingly, Bayer seeks reimbursement of those fees. Plaintiff's counsel did not respond to Bayer's motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, (8th Cir. 2000) (citation omitted). While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted). The Court notes that it has supported the imposition of such sanctions in prior Baycol matters. See Bougher, et al. v. Bayer Corp., Civ. No. 02-0914 (MJD/JGL), slip. op. at 2 (D. Minn. May 24, 2004).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action, if Plaintiff fails to appear for his or her deposition. Further, the Court finds that Bayer has shown

the requisite prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries and damages by way of deposition. Plaintiff's representative's willful failure to appear at his or her deposition makes it virtually impossible for Bayer to prepare an adequate defense to his claim. Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff will cure the prejudice to Bayer. However, because Plaintiff's representative saw fit to ignore this deposition notice, the Court finds, in its discretion, that any lesser sanction would be futile. It is recommended that Bayer's motion for dismissal be granted.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide notice to Bayer's counsel that Plaintiff will not appear for his or her deposition will be liable for the fees of the court reporter. Plaintiff's counsel chose to go forward with this deposition for the purpose of making a record of the nonappearance of Plaintiff's representative for his or her deposition. PTO 149 places the burden on Plaintiff's counsel to demonstrate good cause to avoid liability for those fees. Plaintiff's counsel has failed to do so and indeed requested that the deposition proceed.

Based on all the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff George Slate [Doc. No. 160] be GRANTED;

2. Plaintiff George Slate's action be DISMISSED WITH PREJUDICE; and

3. Plaintiff's counsel be required to pay the sum of $494.00 to Bayer

Corporation within 10 days of the District Court's Order should the District Court adopt this Report and Recommendation.

Dated:   March 6, 2007

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 21, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.